UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06984-SVW-PVC | Date | November 27, 2023 |
|---|---|---|---|
| Title | *Jordan McCrum v. General Motors LLC et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**  ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [16]

Before the Court is Plaintiff Jordan McCrum's motion for remand. ECF No. 16. For the reasons below, the motion is GRANTED.

### I.  Factual and Procedural Background

Plaintiff Jordan McCrum ("Plaintiff") filed a complaint in the Superior Court of the State of California, San Luis Obispo County, on July 20, 2023. Notice of Removal, Ex. A (Compl.), ECF No. 1-1. Defendant General Motors, LLC ("Defendant") removed this action to federal court on August 23, 2023. Notice of Removal, ECF No. 1. Plaintiff filed a motion for remand on September 21, 2023. ECF No. 16. Defendant opposes this motion. ECF No. 17.

In his complaint, Plaintiff alleges that he purchased a new 2020 Chevrolet Bolt ("Vehicle"), manufactured and/or distributed by Defendant, with corresponding Vehicle Identification Number 1G1FY6S09L4129699. Notice of Removal, Ex. A (Compl.) 2, ECF No. 1-1. Plaintiff's complaint does not specify the purchase price of the vehicle or attach a dollar amount to the relief sought. *Id.* However, the civil cover sheet indicates that the amount demanded exceeds $25,000.00. Notice of Removal, Ex. B, ECF No. 1-2. Defendant claims that the average manufacturer's suggested retail price for a model year

:

| Initials of Preparer | PMC |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06984-SVW-PVC | Date | November 27, 2023 |
|---|---|---|---|
| Title | *Jordan McCrum v. General Motors LLC et al.* | | |

2020 Chevrolet Bolt was $38,371.00. Notice of Removal, Decl. of Timothy Kuhn ¶ 7, ECF No. 1-3. Plaintiff alleges that Vehicle is neither safe nor functional because "the batteries may ignite when they are either fully charged or fall below seventy (70) miles remaining mileage." Notice of Removal, Ex. A (Compl.), ¶ 16, ECF No. 1-1. Plaintiff therefore filed suit, alleging violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 et seq., as well as common law fraud and unfair business practices under Cal. Bus. & Prof. Code § 17200.

### II.     Legal Standards

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, No. 21-cv-01112-BAS-BGS, 2021 U.S. Dist. LEXIS 185773, *3 (S.D. Cal. Sept. 28, 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may only hear cases as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3; 28 U.S.C. § 1332(a)–(a)(1). "'The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.'" *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3–4 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Gonzalez v. FCA US, LLC*, No. EDCV 19-967 PSG (RAOx), 2020 U.S. Dist. LEXIS 51882, *3 (C.D. Cal. Mar. 24, 2020); *Lynch v. CNO Fin. Grp., Inc.*, No. 2:16-cv-06245-SVW-FFM, 2016 U.S. Dist. LEXIS 128328, at *2 ("Removal jurisdiction is disfavored."). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta*

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06984-SVW-PVC | Date | November 27, 2023 |
|---|---|---|---|
| Title | *Jordan McCrum v. General Motors LLC et al.* | | |

*Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). That burden includes "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 567 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

### A.  Complete Diversity of Citizenship is Present in This Case

Defendant is "a Delaware limited liability company that has its principal place of business in the State of Michigan." Notice of Removal 3, ECF No. 1. Defendant is "100% owned by General Motors Holdings LLC. "General Motors Holdings LLC is a Delaware limited liability company with its principal place of business in the State of Michigan." *Id.* "General Motors Holdings LLC is 100% owned by General Motors Company." *Id.* "General Motors Company is a Delaware corporation with its principal place of business in the state of Michigan." *Id.* 3–4. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). For diversity purposes, a corporation is a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Following the chain of ownership, Defendant is a citizen of Michigan and Delaware by its principal place of business and by its place of incorporation.

Defendant alleges that Plaintiff is a citizen and resident of the State of California. Notice of Removal 3, ECF No. 1. Plaintiff does not dispute this. Absent a genuine dispute from Plaintiff, all that Defendant must do at this stage is allege that diversity of citizenship exists. *See Ayala v. Ford Motor Co.*, No. 20-cv-02383-BAS-KSC, 2021 U.S. Dist. LEXIS 120298, *5 (S.D. Cal. June 28, 2021) ("[T]o remove to federal court, Ford merely had to affirmatively allege that diversity of citizenship exists. . . . If Plaintiff contests the truth of the allegation, then Ford may be required to provide more evidence. . . . Plaintiff, however, is only asserting that Ford did not meet the pleading requirement. . . . Plaintiff never asserted that he is not in fact a California citizen. Therefore, Ford only had to meet the initial requirement and simply allege diversity exists." (citations omitted)); *Nieratko*, 2021 U.S. Dist. LEXIS 185773, *5–6 ("Plaintiffs are only asserting that Ford did not meet the pleading requirement. . . . Plaintiffs never asserted they are not in fact California citizens. Therefore, Ford only had to meet the initial requirement and simply

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06984-SVW-PVC | Date | November 27, 2023 |
|---|---|---|---|
| Title | *Jordan McCrum v. General Motors LLC et al.* | | |

allege diversity exists." (citation omitted)). Therefore, Defendant has adequately alleged complete diversity of citizenship.

### B. Amount in Controversy

The Complaint does not specify the amount in controversy. For this reason, the Court must determine if Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garrett v. Mercedes-Benz USA, LLC*, No. EDCV 23-223 JGB (SPx), 2023 U.S. Dist. LEXIS 61312, *5 (C.D. Cal. Apr. 6, 2023) (citing *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020)).

#### i. Actual Damages Are Unclear

"Actual damages under the Song-Beverly Act are the 'amount equal to the actual price paid or payable by the buyer,' less the reduction in value 'directly attributable to use by the buyer.'" *Casillas v. Nissan N. Am., Inc.*, No. 8:22-cv-02013-DOC-JDE, 2023 U.S. Dist. LEXIS 50796, * (C.D. Cal. Mar. 23, 2023) (quoting Cal. Civ. Code § 1792(d)(2)(B)-(C)). Neither party has provided sufficient information for the Court to use the formula included in the Song-Beverly Act to apply the Act's reduction. That formula multiplies the actual price of the new vehicle paid or payable by the buyer by a fraction composed of a denominator of 120,000 and a numerator of the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle for repair. *Watson v. BMW of N. Am., LLC*, No. 2:22-cv-01514-DAD-JDP, 2022 U.S. Dist. LEXIS 192386, *7 (E.D. Cal. Oct. 20, 2022).

Defendant has not demonstrated a reliable number for the Court to use to estimate actual damages. The closest that Defendant has come to establishing actual damages is offering the manufacturer's suggested retail price ($38,371.00 for a 2020 Chevrolet Bolt) and the sales agreement (showing an agreed vehicle price of $35,600.00 and a gross capitalized cost of $42,693.54, which includes service agreements, insurance, etc.). Notice of Removal, Decl. of Timothy Kuhn ¶ 7, ECF No. 1-3; Def. General Motors' Opp.

:

| Initials of Preparer | PMC |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06984-SVW-PVC | Date | November 27, 2023 |
|---|---|---|---|
| Title | *Jordan McCrum v. General Motors LLC et al.* | | |

to Pl.'s Mot. to Remand, Ex. A to Peter A. Strotz Decl., ECF No. 20-2. Defendant does not take a clear position on which of these values would operate as the measure of actual damages, nor does Defendant explain the significance of the fact that the lease agreement shows Plaintiff obligated to make total payments worth $16,839.66. *Id.*

### ii. There Are Insufficient Facts for the Court to Consider Civil Penalties in Determining the Amount in Controversy

District courts agree that civil penalties may be considered when determining the amount in controversy in actions under the Song-Beverly Act. *Gonzalez*, 2020 U.S. Dist. LEXIS 51882, *3 (C.D. Cal. Mar. 24, 2020) ("When a claim is asserted under the Song-Beverly Act, a court may consider actual damages and civil penalties under the Song-Beverly Act in determining the amount in controversy."). However, they are split in how they apply this principle to actual cases.

Some district courts have considered these penalties in meeting the amount in controversy. *See e.g.*, *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *8–9 (including civil penalties in amount in controversy); *Gonzalez*, 2020 U.S. Dist. LEXIS 51882, at *8–9 (same); *Ayala*, 2021 U.S. Dist. LEXIS 120298, at *10 (same); *Modiano v. BMW of N. Am. LLC*, No. 21-cv-00040-DMS-MDD, 2021 U.S. Dist. LEXIS 49293, at *8–9 (S.D. Cal. Mar. 16, 2021) (same).

However, other courts have been more reluctant to do so. They note that "a Song-Beverly Act plaintiff's mere allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy." *Vega v. Ford Motor Co.*, No. 2:22-cv-01392-FLA (PDx), 2023 U.S. Dist. LEXIS 140798, *5 (C.D. Cal. Aug. 11, 2023); *see also Estrada v. FC US LLC,* No. 2:20-cv-104530PA (JPRx), 2021 U.S. Dist. LEXIS 12394, *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish amount in controversy was too speculative and not adequately supported by the facts and evidence). "Here, Defendant offers no argument or evidence supporting the potential awarding of civil penalties beyond pointing to Plaintiff['s] speculative and boilerplate allegations regarding willfulness." *Vega*, 2023 U.S. Dist. LEXIS 140798, at *5. The Court

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06984-SVW-PVC | Date | November 27, 2023 |
|---|---|---|---|
| Title | *Jordan McCrum v. General Motors LLC et al.* | | |

adopts the latter approach and finds that neither Plaintiff nor Defendant has alleged sufficient information for the Court to consider civil penalties in the amount in controversy.

### iii. Attorneys' Fees Are Similarly Unclear

Defendant has pointed to several cases suggesting that awards of attorneys' fees in Lemon Law cases can, in and of themselves, clear $50,000.00. But "[p]revailing case authority does not support the proposition that district courts weighing subject matter jurisdiction in Song-Beverly Act claims must assume that the upper extreme of attorney[s'] fee awards granted in other Song-Beverly Act cases must be included in the amount in controversy. If this were the law, district courts would be unable to remand Song-Beverly Act cases for insufficient amounts in controversy. District courts, however, regularly do so." *Vega*, 2023 U.S. Dist. LEXIS 140798 at *7–8. "Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the [C]ourt finds Defendant has failed to submit evidence substantiating any specific amount of attorney[s'] fees in controversy." *Id.* at *8. Defendant's references to other cases are unconvincing. "Defendant . . . does not discuss the facts of the cases cited or explain how those cases were in any way analogous to the case at hand. . . . The fact that Plaintiffs' counsel sought and obtained significant attorney's fee awards in other actions involving the Song-Beverly Act is alone insufficient to demonstrate it is more likely than not that Plaintiffs will incur a similar fee award here." *Lopez v. Kia Am., Inc.*, No. 5:22-cv-00880-FLA (SHKx), 2023 U.S. Dist. LEXIS 169356, at *9 (C.D. Cal. Sept. 22, 2023).

### iv. Punitive Damages Are Unclear for the Same Reasons

The "inclusion of punitive damages is likewise speculative and insufficient" to meet Defendant's burden. *Stephens v. FCA US, LLC*, No. 2:22-cv-09039-FLA (RAOx), 2023 U.S. Dist. LEXIS 138905, at *7–8 (C.D. Cal. Aug. 9, 2023). While Defendant has cited to other cases in which punitive damages were awarded, Defendant has not articulated "why the particular facts that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* at *8 (quoting *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06984-SVW-PVC | Date | November 27, 2023 |
|---|---|---|---|
| Title | *Jordan McCrum v. General Motors LLC et al.* | | |

3d 559, 565 (D. Ariz. 2022)). The Court also notes that a plaintiff alleging "both a Song-Beverly claim and a tort claim . . . must elect to recover either a civil penalty or punitive damages to avoid 'double recovery.'" *Smith v. FCA US, LLC*, No. 2:21-cv-05347-FLA (GJSx), 2022 U.S. Dist. LEXIS 118095, at *7 (C.D. Cal. July 5, 2022) (citing *Troensegaard v. Silvercrest Indus., Inc.*, 175 Cal. App. 3d 218, 226-28, 220 Cal. Rptr. 712 (1985); *Clauson v. Superior Court*, 67 Cal. App. 4th 1253, 1256, 79 Cal. Rptr. 2d 747 (1998)). To the extent that Plaintiff has alleged both, only one should be included in the amount in controversy calculation. However, Defendant appears to have attempted to count both the Song-Beverly civil penalty and punitive damages towards the amount in controversy. Def. General Motors' Opp. to Pl.'s Mot. to Remand 5–7.

### III. Conclusion

Defendant has not carried its burden to establish that the amount in controversy requirement for federal jurisdiction is present in this case. Defendant has not given the Court a clear number to work with regarding actual damages. Defendant has not pointed to specific allegations in Plaintiff's complaint that establish that claims for civil penalties are anything more than boilerplate. Defendant has not established how the facts of the present case are similar to those cases cited for its benchmarks for attorney's fees. And finally, Defendant has not explained why the facts as alleged by Plaintiff might warrant the imposition of punitive damages. For the foregoing reasons, the Court GRANTS Plaintiff's motion for remand.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |